IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **TAMARA JANISE JONES AND TERRIANCE RAMELLE JONES**,<br><br>Plaintiffs,<br><br>v.<br><br>**HONORABLE MAXAMILLA UTLEY, MELISSA JACOBSON,** and **JACKEE L. HESLOP-OCHA**,<br><br>Defendants. | Case No. 3:24-cv-1669-SI<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

Plaintiffs, representing themselves, bring this case against the Honorable Maxamilla Utley, a Hennepin County, Minnesota family court judge; Melissa Jacobson, the Hennepin County Attorney; and Jackee L. Heslop-Ocha, a Hennepin County Child Protection Services Supervisor. Plaintiffs are parents of two minor children, who are within the supervision of Hennepin County Child Protection Services. Plaintiffs allege that Hennepin County Child Protection Services has a well-documented history of discriminating against black parents with respect to decisions about child protection services, and that Defendants have violated Plaintiffs equal protection and due process rights and discriminated against Plaintiffs based on race in making child protection decisions.

The Court appointed volunteer pro bono counsel for the limited purpose of evaluating Plaintiffs' claims, and extended the deadline for service of process until after pro bono counsel

PAGE 1 – ORDER

accepted and completed the appointment. Appointed counsel was unable to accept the appointment, and Plaintiffs have filed pro se a motion for temporary restraining order ("TRO"). Plaintiffs request that the Court issue a declaration that Minnesota child protective services no longer has jurisdiction over the minor children and that Oregon child protective services now has jurisdiction over the minor children. Plaintiffs also request a declaration that Oregon courts, and not Minnesota courts, resolve any legal issues relating to any disputes going forward about the care and supervision of the minor children within the child protection services system.

In deciding whether to grant a motion for TRO, courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).] A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction generally must show that: (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in favor of the plaintiff; and (4) that an injunction is in the public interest. *Id.* at 20 (rejecting the Ninth Circuit's earlier rule that the mere "possibility" of irreparable harm, as opposed to its likelihood, was sufficient, in some circumstances, to justify a preliminary injunction).

The Supreme Court's decision in *Winter*, however, did not disturb the Ninth Circuit's alternative "serious questions" test. *See All. for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131-32 (9th Cir. 2011). Under this test, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the

other two elements of the *Winter* test are also met."[1] *Id.* at 1132. Thus, a preliminary injunction may be granted "if there is a likelihood of irreparable injury to plaintiff; there are serious questions going to the merits; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012).

Plaintiffs attach to their motion a copy of a Minnesota guardian ad litem's report that she supports the family staying in Oregon if Ms. Jones can provide documentation of stable housing in Oregon for six-to-12 months, that the minor children are enrolled in school in Oregon, and that Ms. Jones is engaging in individual therapy in Oregon. Plaintiffs attach evidence of stable housing since June 2024 (for four months), that Ms. Jones and the children are enrolled in the Oregon Health Plan, and that the children are enrolled in school in Oregon.

Plaintiffs also attach to their TRO an October 21, 2024 court order from Judge Utley in Minnesota. This order requires that Tamara Jones and the two minor children return to Minnesota by October 26, 2024. The order acknowledges a notification submitted by Ms. Jones explaining that she has stable housing in Oregon and fears losing that housing if she is forced to return to Minnesota. The order also acknowledges that Ms. Jones does not have the funds to return to Minnesota or housing in Minnesota. The order states that the Child Protection Services Department will help fund the family's travel to Minnesota and the family will then "reside" in a "suitable shelter" in Minnesota. The order states that the court will reconsider after Ms. Jones can demonstrate stable housing in Oregon for six-to-12 months, that the minor children are

---

[1] The Ninth Circuit appears to have narrowed the "serious questions" test to serious factual questions that need to be resolved, *see Assurance Wireless USA, L.P. v. Reynolds*, 100 F.4th 1024, 1031 (9th Cir. 2024), although the cases cited for that proposition do not limit the serious questions test only to factual disputes. Regardless of the contours of the serious questions test, however, Plaintiff's motion fails because he seeks relief against parties outside the jurisdiction of the Court.

PAGE 3 – ORDER

enrolled in school in Oregon, and that Ms. Jones is engaged in individual therapy in Oregon, the terms the guardian ad litem had suggested.

It is unclear how Ms. Jones will be able to demonstrate stable housing in Oregon for the additional two-to-eight months after she has been ordered to leave Oregon and reside in Minnesota. Nor is it clear how she can prove that the children are enrolled in school in Oregon after they have been forced to go to Minnesota or that she is engaged in therapy in Oregon.

It appears that this October Minnesota court order is the basis of Plaintiffs' TRO. The Court recognizes that the Minnesota court order appears confusing and difficult, if not impossible, for Ms. Jones to comply in such a manner to meet the requirements to allow the family to stay in Oregon. That, however, does not mean that this Court can consider Plaintiffs' motion for TRO.

Under what is known as the "*Younger*"[2] doctrine, federal courts abstain from granting injunctive or declaratory relief that would interfere with certain types of pending state judicial proceedings, including state civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013).

> *Younger* abstention is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges. If these "threshold elements" are met, we then consider whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies.

*ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014) (citations omitted).

---

[2] *Younger v. Harris*, 401 U.S. 37 (1971).

PAGE 4 – ORDER

Plaintiffs allege that the state child protection services proceedings are ongoing. Child protection and custody issues are important state interests. "Family relations are a traditional area of state concern." *H.C. ex. rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) (quoting *Moore v. Sims*, 442 U.S. 415 (1979)). The state has an interest in enforcing its child protection orders. Plaintiffs can appeal family law judgments and orders to the Minnesota Court of Appeals. *See e.g.*, Minn. R. Civ. App. P. 104.01. The Court has no reason to believe that Plaintiffs cannot raise their constitutional concerns and other claims before the Minnesota courts. Finally, Plaintiffs are asking in their motion for TRO that this Court declare that the Minnesota courts have no further jurisdiction over the minor children, which would terminate the ongoing case. This would interfere with the state proceeding in a way that *Younger* disapproves. Therefore, all the factors of *Younger* are met. Thus, the Court abstains considering Plaintiff's TRO under *Younger*. *Cf. Moore*, 442 U.S. at 435 ("We are unwilling to conclude that state processes are unequal to the task of accommodating the various interests and deciding the constitutional questions that may arise in child-welfare litigation."); *Berman v. McManus*, 2011 WL 2144411, at *23 (E.D. Cal. May 31, 2011), *report and recommendation adopted*, 2011 WL 3419530 (E.D. Cal. July 28, 2011), *aff'd*, 483 F. App'x 363 (9th Cir. 2012) (applying *Younger* abstention to claims against family court judge regarding conduct relating to child protection services proceedings).

The Court DENIES Plaintiffs' motion for TRO, ECF 11.

**IT IS SO ORDERED.**

DATED this 24th day of October, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge
